[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This appeal comes to us from the Bowling Green Municipal Court where appellant was found guilty of selling alcohol to a minor. Because we conclude that the trial court improperly admitted police officers' testimony as to the alleged purchasers' ages, we reverse.
On April 3, 1997, appellant, Mark C. Fair, was cited for selling beer to an underage person, in violation of R.C. 4301.69. Appellant pled not guilty. At the June 6, 1997 trial, appellee, the state of Ohio, presented its case through the testimony of two law enforcement officers: a local policeman, and an agent for the Department of Public Safety, Liquor Enforcement Division.
The two officers observed appellant sell beer to two young men who appeared to be underage while appellant was working as a clerk at a gas station/carry out store on April 3, 1997. As the young men exited the store with the beer, the officers stopped them and asked for identification. One of the men supposedly had a fictitious North Dakota driver's license with him, but was validly licensed in Ohio according to a computer check. The other man had an Ohio driver's license with him, which was also checked by computer. As a result of information obtained from the computer, the officers determined that the first young man was nineteen years old and the other was twenty years old.
The officers testified that they issued citations to the two young men, released them, and then entered the store. When questioned by the officers, appellant allegedly told them that, prior to the sale, he had checked an Ohio driver's license from one of the men. However, according to the officers, neither purchaser was in possession of an Ohio license with a listed birth date of twenty-one years or older. The officers then issued a citation to appellant for the sale of beer to an underage person in violation of R.C. 4301.69.
During the local police officer's testimony, appellant objected to any testimony as it related to the ages of the youths as inadmissible hearsay. Appellant argued that, other than the officer's hearsay testimony which was based upon computer information, the state had failed to provide proof that either young man was underage. No other evidence or exhibits (such as the purchasers' real or fake driver's licenses) were submitted by the state. The trial court overruled the objection and found appellant guilty as charged. Appellant was sentenced to pay a fine and put on probation until January 12, 1999.
Appellant now appeals that decision, setting forth the following sole assignment of error:
 "THE TRIAL COURT ERRED IN ALLOWING THE STATE TO PROVE THE ELEMENT OF SALE TO UNDERAGE PERSONS SOLELY THROUGH THE USE OF INADMISSIBLE HEARSAY EVIDENCE."
Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Evid.R. 801(C); State v. Maurer
(1984), 15 Ohio St.3d 239, 262. Hearsay is generally not admissible except when considered an exception. See Evid.R. 803, 804, 805. Where statements are offered into evidence to explain an officer's conduct during the course of investigating a crime, such statements are generally not hearsay. State v. Thomas
(1980), 61 Ohio St.2d 223, 232. In addition, statements made against the declarant's interest are also exceptions to the hearsay rule. Evid.R. 804(B)(3).
However, there are limits to this general rule because of the significant potential for abuse and potential confusion to the trier of fact. See State v. Blevins (1987), 36 Ohio App.3d 147,149. For example, when the statements connect the accused with the crime charged, they should generally be excluded. SeeState v. Culley (Aug. 31, 1989), Franklin App. No. 89AP-153, unreported. Furthermore, it has been held that a conviction for a criminal offense must be reversed where a necessary element of the crime is demonstrated solely by reference to information on a computer printout. State v. Sims (1983), 10 Ohio App.3d 56, 68.
We are aware that at least one Ohio court has held that additional documentation of the age of the underage person was not required where the police officer testified that he determined the age by taking the person's driver's license and then checking it on the computer. See State v. Perry (May 9, 1990), Hamilton App. No. C-890256, unreported. However, we disagree with that court's determination that the officer's testimony was not hearsay. Information regarding an essential element of a crime contained solely in a computer printout has been deemed to be inadmissible hearsay. See State v. Sims, supra at 58. In our view, if a computer printout itself is inadmissible, certainly testimony as to that computer information, without the actual printout or any other verification of the information, would also be inadmissible.
In this case, the first officer testified as to the purchasers' ages solely on his sketchy and somewhat confusing recollections of undocumented computer generated information obtained at the time of the citation. The liquor control agency's testimony as to the purchasers' ages was likewise based upon the same undocumented information. This testimony was presented for the purpose of establishing that the purchasers were underage — not for the purpose of explaining the officer's subsequent actions.
Although deference is sometimes given to police statements based upon personal observations, the officers' testimony as to the purchasers' ages was based upon information from a source outside their own senses. Moreover, the state failed to present even the slightest amount of corroboration that the information allegedly relayed to the officers was in fact accurate and reliable. The alleged purchasers were not called as witnesses. Their seized licenses were not presented, nor were any records or printouts from the Bureau of Motor Vehicles. Thus, the testimony was based upon an out-of-court statement, the computer information, and was offered to show the truth of the matter asserted, the age of the beer purchaser. Since no exceptions apply and nothing was offered to indicate the reliability of the information, the officers' testimony was inadmissible hearsay.
Therefore, we conclude that the trial court erred to appellant's prejudice in admitting the testimony of the officers in t his case, as to the ages of the purchasers. As a result, the state failed to present sufficient evidence that the purchasers were underage, one of the essential elements of the crime charged.[1] Accordingly, appellant's sole assignment of error is found well-taken.
The judgment of conviction and sentence of the Bowling Green Municipal Court is reversed. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ Peter M. Handwork, J.
JUDGE
 _______________________________ George M. Glasser, J.
JUDGE
 ____________________________ James R. Sherck, J.
JUDGE
CONCUR.
[1] R.C. 4301.69(A) provides: "Except as otherwise provided in this chapter, no person shall sell beer or intoxicating liquor to an underage person * * *."